United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ISRAEL TORRES,<br><br>Plaintiff,<br>v.<br><br>CITY OF SANTA CLARA and TONY PARKER,<br><br>Defendants. | Case No. 5:13-cv-01475-PSG<br><br>**OMNIBUS ORDER RE: MOTIONS IN LIMINE**<br><br>**(Re: Docket Nos. 40-46 & 51-55)** |

Before the court are Plaintiff Israel Torres and Defendants City of Santa Clara and Tony Parker's motions in limine. The parties also have filed oppositions. Yesterday, the parties appeared for the pre-trial conference. As previewed at the hearing and formalized here, after considering the arguments the court GRANTS the parties' motions, but only IN-PART as laid out below.

**A. Torres' MIL No. 1 – Exclusion of Torres' Prior Arrests and Criminal Convictions**

Torres moves to exclude evidence relating to his prior arrests and prior criminal convictions.[1] In support, he points to Fed. R. Evid. 404(b)(1).[2] Torres says that because his

[1] *See* Docket No. 40.

[2] *See* Fed. R. Evid. 404(b)(1) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.").

United States District Court
For the Northern District of California

convictions are all misdemeanors for (1) traffic offenses (2) drug possession and (3) resisting arrest, and do not relate to dishonesty, the convictions also are inadmissible for impeachment purposes under Rule 609.[3]

Defendants counter that under Rule 404(b)(2) "in an excessive force case, evidence of plaintiff's prior arrests and convictions are admissible impeachment evidence to show bias or prejudice against the defendant police officers."[4] In *Heath v. Cast*, the Ninth Circuit held that the plaintiff's prior arrests (and his brother's prior convictions) were relevant and admissible on the issue of bias or prejudice against police.[5] The court also held that plaintiff's arrest history was admissible to show bias or prejudice as a possible motive for bringing this lawsuit.[6] Defendants also suggest that Torres' prior arrests may be admissible under *Peraza v. Delameter* to show that

---

[3] *See* Fed. R. Evid. 609.

[4] Docket No. 60 at 1.

[5] *Heath v. Cast*, 813 F.2d 254, 259 (9th Cir. 1987).

> Evidence of Heath's prior arrest, and of his brother's prior misdemeanor convictions, were probative of their bias against the Newport Beach police and of Heath's motive in bringing this action. The jurors, as sole triers of fact and credibility, were entitled to hear the evidence and decide the extent of that bias. A stipulation simply that bias exists precludes the jury from assessing the degree of bias. The trial court did not abuse its discretion in admitting this evidence notwithstanding Heath's proposed stipulation.

*But see Gallagher v. City of W. Covina*, Case No. 00-cv-377-CBM-RNB, 2002 WL 1770761, at *4 (C.D. Cal. July 29, 2002).

> Defendant argues that Plaintiff's criminal convictions are relevant to show bias, citing *Heath*, 813 F.2d 254. Defendant is correct that *Heath* allows admission of priors to show bias. However, in *Heath,* the parties stipulated that the Plaintiff was biased toward the same officers. The court then admitted evidence of Plaintiff's prior arrests. *Id.* at 259.
>
> In the present case, while Plaintiff has had multiple contacts with law enforcement over the years, there is no evidence from which the court could find that Plaintiff was biased towards these officers. Accordingly, Plaintiff's motion in limine to preclude Plaintiff's prior convictions to show bias is GRANTED.

[6] *See Heath*, 813 F.2d at 259.

United States District Court
For the Northern District of California

Torres' emotional distress claim arising from this incident is exaggerated in light of his prior contact with the police.[7]

As to Defendants' first argument, while *Heath* holds that evidence of bias may come in under Rule 404(b)(2), and "Plaintiff has had multiple contacts with law enforcement over the years, there is no evidence from which the court could find that Plaintiff was biased towards these officers."[8] The lynchpin of Defendants' bias argument is "Torres's 2002 resisting arrest incident with SCPD officers is highly relevant to illustrate Torres's motive, interest and bias during this incident which lead to this lawsuit."[9] By relying on an incident from 12 years ago, Defendants overplay their hand. While this type of evidence is certainly countenanced pursuant to Rule 404(b)(2) under appropriate circumstances, the court is persuaded that its introduction here nevertheless would run afoul of Rule 403.[10] Torres' record is dated and "while Plaintiff has had multiple contacts with law enforcement over the years, there is no evidence from which the court could find that Plaintiff was biased towards" Defendants."[11]

Defendants' second argument also is not persuasive. In *Peraza*, "a case involving a Section 1983 claim for excessive force used to arrest," the Ninth Circuit "held that the trial judge did not abuse his discretion by admitting evidence proffered by the defendant of the plaintiff's 'subsequent encounters' with the police and 'difficulties in school,' when the jury was instructed to limit its

---

[7] *See Peraza v. Delameter*, 722 F.2d 1455, 1457 (9th Cir. 1984) (arrest information relevant on issue of damages allegedly sustained arising from the incident at issue).

[8] *Gallagher*, 2002 WL 1770761, at *4.

[9] Docket No. 60 at 4.

[10] *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

[11] *Gallagher*, 2002 WL 1770761, at *4.

3

Case No. 5:13-cv-01475-PSG
OMNIBUS ORDER RE: MOTIONS IN LIMINE

**United States District Court**
For the Northern District of California

consideration of that evidence to the issue of damages."[12] But the court in *Peraza* (1) "did not explain the significance of *subsequent* encounters, which are anyhow not at issue here," (2) indicate "that either of [the plaintiff's] previous arrests involved similar facts" limiting the probative value of the arrest history and (3) did not "so much as consider[] the risk of unfair prejudice" to the defendant.[13] In this case, Defendants have not shown how Torres' prior encounters with the police – stemming back more than fifteen years ago in some cases – are probative of whether or not Torres' emotional distress claim arising from this incident is exaggerated. Absent additional facts that the prior encounters involved similar facts or are otherwise probative to the damages inquiry, the court is persuaded that, under Rule 403, the unfair prejudice from this prior bad act evidence is simply too great. It will not be admitted at trial.

---

[12] *See Knudsen v. Welsh*, 872 F.2d 428, at *1 (9th Cir. 1989) (citing *Peraza*, 722 F.2d at 1457).

[13] *Brandon v. Vill. of Maywood*, 179 F. Supp. 2d 847, 854-55 (N.D. Ill. 2001).

> Finally, the defendants argue that Mr. Parker's prior arrests are admissible as evidence of damages or causation. Other courts have held that, in a civil rights action where the plaintiff claimed emotional damages as a result of incarceration or excessive use of force, other arrests or periods of incarceration were probative of mental suffering. *Peraza*, 722 F.2d at 1457 (holding that subsequent encounters with police and troubles in school were relevant to claim for emotional damages in excessive force case); *Bryan v. Jones*, 519 F.2d 44, 46 (5th Cir.1975) (holding that prior imprisonment was relevant to claim for trauma of incarceration). The court in *Peraza* did not explain the significance of subsequent encounters, which are anyhow not at issue here, and *Bryan* is distinguishable. There, the plaintiff had been incarcerated wrongfully for 36 days, and he claimed damages for emotional "suffering caused by the very fact of incarceration." 519 F.2d at 46. The court noted that "[e]ven a minimal sort of penal confinement may be debilitating to many. Under comparable conditions of confinement, however, this mental anguish may be much less for the recidivist than for one incarcerated for the first time." *Id.* Here, however, Mr. Parker's claim for mental anguish as a result of being restrained and unable to move to safety as four officers fired their guns at a dog is qualitatively different than a routine mistaken handcuffing. There is no indication that either of Mr. Parker's previous arrests involved similar facts, so their probative value is quite low. Neither the Bryan nor the Peraza court so much as considered the risk of unfair prejudice to the defendant, which, as I have already noted, is quite serious here. I grant the motion to exclude evidence of Mr. Parker's prior arrests and convictions.

**B. Torres' MIL No. 2 – Exclusion of Criminal History of Robert Hernandez and Adriano Cardoso**

Torres moves to exclude the "prior arrests and misdemeanor convictions" of Robert Ramirez and Adriano Cardoso.[14] The dispute is adequately framed by the preceding arguments. As to these two witnesses, Defendants argue that the "potential for bias" to the Santa Clara Police Department may exist based on "the significant number" of contacts.[15] Because Defendants have done no more than speculate as to the witnesses' potential bias, the court will not countenance a back-door entrance of bad-act evidence to discredit their testimony. Once again, unlike in *Heath*, no evidence before the court suggests that these witnesses are biased and will rely on those biases in testifying at trial, at least to the degree that the probative value is not substantially outweighed by the risk of unfair prejudice.

**C. Torres' MIL No. 3 – Exclusion of Photographs Showing Torres' Tattoos**

Torres moves to exclude "photographs of the Plaintiff taken by police after his arrest which reveal two tattoos: one on his right forearm and one on the back of his neck."[16] The photographs taken after the incident are not relevant absent a foundation that (1) the officers on the scene saw the tattoo(s) and (2) perceived the tattoo to be threatening (e.g. the police officer was able to link up the tattoos to some gang affiliation). Torres' motion is DENIED, but the photographs will not be admitted at trial absent an adequate foundation.

**D. Torres' MIL No. 4 – Exclusion of Hearsay Statements in Police Reports**

Torres moves to exclude statements contained in a police report attributed to Fire Marshall Steven Silva and Robert Ramirez that are hearsay within hearsay and not within any recognized exception to the hearsay rule. Defendants suggest that the reports themselves constitute police

[14] *See* Docket No. 41 at 1.

[15] Docket No. 61 at 3.

[16] Docket No. 42 at 1.

**United States District Court**
For the Northern District of California

records offered in a civil case[17] and the underlying statements also conform to an exception to the rule against hearsay.[18] Because Silva's statements were made while he was under a duty to report acting as a sworn peace officer, and no circumstances indicate a lack of trustworthiness, any factual findings shall be admitted pursuant to Fed. R. Evid. 803(8). No opinion evidence, however, will be admitted under this exception.[19]

Ramirez, though, had no duty to report. Ramirez's statements were taken one hour and fifteen minutes after the incident. These statements do not qualify as present sense impressions.[20]

---

[17] *See* Docket No. 43; *see also* Fed. R. Evid. 803(8).

> **Public Records.** A record or statement of a public office [is not excluded] if:
>
> **(A)** it sets out:
>
> **(i)** the office's activities;
>
> **(ii)** a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or
>
> **(iii)** in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and
>
> **(B)** neither the source of information nor other circumstances indicate a lack of trustworthiness.

[18] *See* Fed. R. Evid. 805 ("Hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule.").

[19] *See* Fed. R. Evid. 403(8) Adv. Comm. Notes ("The Committee intends that the phrase 'factual findings' be strictly construed and that evaluations or opinions contained in public reports shall not be admissible under this Rule.").

[20] *See United States v. Green*, 556 F.3d 151, 156-57 (3d Cir. 2009).

> While it is true, as the Government notes, that courts have not adopted any bright-line rule as to when a lapse of time becomes too lengthy to preclude Rule 803(1)'s application, *see United States v. Blakey*, 607 F.2d 779, 785 (7th Cir. 1979) (no per se rule exists), we are nevertheless unaware of any legal authority for the proposition that 50 minutes after the fact may appropriately be considered "immediately thereafter." On the contrary, given the clear language of the rule and its underlying rationale, courts consistently require substantial contemporaneity. *See, e.g.*, *United States v. Shoup*, 476 F.3d 38, 42 (1st Cir. 2007) (911 phone call made "only one or two minutes . . . immediately following" event admissible); *United States v. Danford*, 435 F.3d 682, 687 (7th Cir. 2006) (statement made "less than 60 seconds" after witnessing robbery qualified as present-sense impression); *United States v. Jackson*, 124 F.3d 607, 618 (4th Cir. 1997) (statement by witness to police upon their arrival at scene that defendant was threatening to kill her family was admissible as "description of ongoing events"); *Blakey*, 607 F.2d at 779, 785-86 (not error to admit statement made at most 23 minutes after event); *cf. United States v. Manfre*, 368 F.3d 832, 840 (8th Cir. 2004) (statement made after "an intervening walk or drive" following event not admissible; "The present-sense-impression exception . . . is rightfully limited to statements made while a declarant perceives an event or immediately thereafter, and we decline to expand it to cover a declarant's relatively recent memories."); *Hilyer v. Howat*

**United States District Court**
For the Northern District of California

Nor is the court satisfied that Rarmiez's statements fall within the excited utterance exception. Defendants only offer a blanch averment that "Ramirez had just been arrested and was in custody and was certainly under the stress or excitement of his arrest when describing the incident to Officer Crescini."[21] The so-called "excited-utterance exception has three requirements: (1) a startling event; (2) the statement was made while the declarant was under the stress of the event's excitement; and (3) a nexus between the content of the statement and the event."[22] "In making the foundational inquiry on admissibility under [FRE 803(1) (present sense impression), 803(2) (excited utterances), or 803(3) (state of mind)], the court must evaluate three factors: contemporaneousness, chance for reflection, and relevance."[23] In this case, Ramirez was under arrest and more than an hour and fifteen minutes after the altercation. Without more information about why Ramirez's statements are relevant and the circumstances under which Ramirez tendered his statements to Officer Crescini, the court is not persuaded that the excited-utterance has been satisfied. For example, Ramirez's statements could have been made in response to police questioning, in which case, Ramirez would have strong self-interested motivation to shade his

---

*Concrete Co., Inc.*, 578 F.2d 422, 426 n. 7 (D.C. Cir. 1978) (excluding statement made between 15 and 45 minutes following event). Indeed, we have previously expressed skepticism that a statement made some 40 minutes after the fact could be properly admitted as a present-sense impression. *Mitchell*, 145 F.3d at 577 (where robbery occurred between 9:00am and 9:15am and notes were found in getaway car a mile from the crime scene at approximately 10:00am, intervening lapse was "probably too long for applicability of the present-sense impression[,] . . . which requires the statement to be made virtually contemporaneously with the event being perceived"); *see also Miller*, 754 F.2d at 512 (concluding it was "not necessarily an abuse of discretion" to admit statement made "several minutes" after the fact as excited utterance, but noting "courts have recognized that the length of time separating the event from the statement [for admission as an excited utterance] may be considerably longer than for statements qualifying under the present sense impression exception of Rule 803(1)") (emphasis added).

[21] Docket No. 63 at 5.

[22] *Pursley*, 577 F.3d at 1220.

[23] *United States v. Orm Hieng*, 679 F.3d 1131, 1148 (9th Cir. 2012) (quoting *United States v. Ponticelli*, 622 F.2d 985, 991 (9th Cir. 1980)).

testimony.[24] Finally, Ramirez's history of interactions with the police suggest that Ramirez may not have been as startled as one less experienced with such ordeals.

**E. Torres' MIL No. 5 – Motion to Exclude Testimony of Don Cameron**

Torres moves to exclude Cameron's expert testimony in the area of law enforcement defensive tactics and the use of force.[25] Cameron's report opines (1) the force used by the officers against Torres was reasonable; (2) that Torres was given a lawful order to stay back, but disobeyed the order and continued advancing; (3) that Torres was resisting being handcuffed; (4) that Torres' injuries are not consistent with being hit by a baton or flashlight and (5) that whether a District Attorney decides to dismiss criminal charges has no bearing on whether there was probable cause to arrest.

"An expert in one field cannot express an opinion relying on data that requires expertise in another field."[26] Here, Cameron may not testify regarding (4) whether or not Torres' injuries are consistent with being hit by a baton or a flashlight or (5) the consequences on a district attorney's decision to dismiss criminal charges. Those opinions are beyond the scope of his expertise. Nor may Torres offer opinions on factual matters: (2) that Torres disobeyed an order to stay back and (3) Torres resisted being handcuffed. Cameron may opine, however, on (1) whether the use of force by the officers was reasonable – that appears to be in his wheelhouse.

---

[24] *Pursley*, 577 F.3d at 1220-21.

> Courts consider a range of factors in determining whether a declarant made a statement while under the stress of a particular event. Among the more relevant factors are: the amount of time between the event and the statement; the nature of the event; the subject matter of the statement; the age and condition of the declarant; the presence or absence of self-interest; and whether the statement was volunteered or in response to questioning. *United States v. Marrowbone*, 211 F.3d 452, 454-55 (8th Cir. 2000); *United States v. Rivera*, 43 F.3d 1291, 1296 (9th Cir. 1995); 30B Michael H. Graham, *Federal Practice and Procedure* § 7043 (interim ed. 2006).

[25] *See* Docket No. 44.

[26] *United States v. Santini*, 656 F.3d 1075, 1078-79 (9th Cir. 2011) (citing *United States v. Chang*, 207 F.3d 1169, 1171-74 (9th Cir. 2000) (affirming the exclusion of an international finance expert's testimony because he lacked expertise in identifying counterfeit securities).

**F. Torres' MIL No. 6 – Motion to Exclude Earlier Portions of the Audio Recording**

Torres moves to exclude the initial five minutes and thirty-three seconds (5:33) of the twelve minute and fifteen second (12:15) audio recording taken by Silva at the time of the incident.[27] The entire recording is relevant and provides context for what Silva's interaction with Torres and how and when the Santa Clara Police Department officers responded to the incident. This context is relevant to whether reasonable force was used. Second, the recording tests the credibility of percipient witnesses. Finally, equity and Fed. R. Evid. 106 support the introduction of the entire audio recording.[28] It is in.

**G. Torres' MIL No. 7 – Motion to Exclude Evidence of Torres' Blood Alcohol Content**

While the result of Torres' "evidentiary breath test" is "not admissible to show a particular amount of alcohol in the blood without expert evidence relating it back to the time of the stop, it can be used to show that a defendant has been drinking."[29] Because Defendants have not disclosed any expert or other means capable of relating back the evidence, while the evidence may be used to show that Torres had been drinking, Defendants cannot introduce the evidentiary breath test to show a particular amount of alcohol in Torres' blood.

**H. Defendants' MIL No. 1 – Motion to Exclude Evidence Comparing Torres' Situation to Mainstream Police Excessive Force Cases**

Defendants move to exclude reference to reference to mainstream police excessive force cases.[30] Because Defendants motion is unopposed, it is GRANTED.[31]

---

[27] *See* Docket No. 45.

[28] *See* Fed. R. Evid. 106 ("If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part--or any other writing or recorded statement--that in fairness ought to be considered at the same time.").

[29] *United States v. French*, 468 F. App'x 737, 739 (9th Cir. 2012) (citing *United States v. Becerra-Garcia*, 397 F.3d 1167, 1173 (9th Cir. 2005)).

[30] *See* Docket No. 51.

[31] *See* Docket No. 68.

United States District Court
For the Northern District of California

**I. Defendants' MIL No. 2 – Motion to Exclude Evidence of the Criminal Prosecution**

Defendants move to exclude evidence of Torres' criminal prosecution.[32] "Evidence of an acquittal is not generally admissible in a subsequent civil action between the same parties since it constitutes a 'negative sort of conclusion lodged in a finding of failure of the prosecution to sustain the burden of proof beyond a reasonable doubt.'"[33] Evidence of an acquittal may not be admitted to prove up "facts upon which the acquittals were" based, but might be admissible to prove another issue in dispute.[34] Torres argues his claim for emotional distress damages as the result of being falsely arrested in this case is enhanced because he faced criminal charges. Torres also "has alleged that the information presented to the prosecutor was false, and therefore the jury is entitled to find that [Parker] procured the filing of the criminal complaint by making misrepresentations."[35] Torres concludes that the emotional distress damages are recoverable and the criminal charges should be admissible.

Because the court is satisfied that a tailored limiting instruction can guide the jury's proper use of evidence of Torres' criminal prosecution, Defendants' motion to exclude is DENIED. The parties shall meet and confer over the language of the stipulation and submit a proposed limiting instruction by Thursday, September 4, 2014.

**J. Defendants' MIL No. 3 – Motion to Exclude Evidence of Indemnification**

Defendants move to exclude evidence whether Parker will be indemnified by the City for any damage award.[36] Because Defendants motion is unopposed, it is GRANTED.[37]

---

32 *See* Docket No. 52.

33 *Borunda v. Richmond*, 885 F.2d 1384, 1387-88 (9th Cir. 1988) (citing S. Gard, 2 Jones on Evidence, § 12:25, p. 391 (6th ed. 1972)).

34 *Id.*

35 Docket No. 69 at 3.

36 *See* Docket No. 53.

37 *See* Docket No. 70.

United States District Court
For the Northern District of California

**K. Defendants' MIL No. 4 – Motion to Exclude Evidence that the Jury is Free To Award Damages Based on an Abstract Value of Alleged Violations of Constitutional Rights**

Defendants move to exclude evidence that the jury is free to award damages based solely on the abstract 'value' or 'importance' of the alleged violation of Plaintiff's constitutional rights.[38] Because Defendants motion is unopposed, it is GRANTED.[39]

**L. Defendants' MIL No. 5 – Motion to Lay Opinion Testimony Regarding Whether the Number of Police Officers and/or use of Force was Excessive**

Defendants move to exclude evidence introducing lay opinion testimony regarding whether the number of police officers on scene during Torres' arrest on July 7, 2012, was excessive or more than necessary and opinion testimony regarding whether the force used by the officers was excessive, unfair or improper.[40] Because Defendants motion is unopposed, it is GRANTED.[41]

**IT IS SO ORDERED.**

Dated: August 20, 2014

PAUL S. GREWAL
United States Magistrate Judge

[38] *See* Docket No. 54.

[39] *See* Docket No. 71.

[40] *See* Docket No. 55.

[41] *See* Docket No. 72.