1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  NORTHERN DISTRICT OF CALIFORNIA
10                       SAN JOSE DIVISION
11  ISRAEL TORRES,                     )   Case No. Case No. 5-cv-13-01475-PSG
                                       )
12                      Plaintiff,     )   **FINAL JURY INSTRUCTIONS**
           v.                          )
13                                     )
    CITY OF SANTA CLARA and TONY       )
14  PARKER,                            )
                                       )
15                      Defendants.    )
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No. 5-cv-13-01475-PSG
FINAL JURY INSTRUCTIONS

**United States District Court**
For the Northern District of California

# 1. SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION

Plaintiff Israel Torres brings claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

United States District Court
For the Northern District of California

## 2. SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY— ELEMENTS AND BURDEN OF PROOF

In order to prevail on his Section 1983 claims against Defendant Tony Parker, Torres must prove each of the following elements by a preponderance of the evidence:

1.  Parker acted under color of law; and

2.  the acts of Parker deprived Torres of his particular rights under the laws of the United States and the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated that Parker acted under color of law.

If you find Torres has proved each of these elements, and if you find that Torres has proved all the elements he is required to prove under the instructions regarding unreasonable seizure, your verdict should be for Torres.  If, on the other hand, Torres has failed to prove any one or more of these elements, your verdict should be for Parker.

Case No. 5-cv-13-01475-PSG
FINAL JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

### 3. CAUSATION

In order to establish that the acts of Parker deprived Torres of his particular rights under the laws of the United States and the United States Constitution as explained in later instructions, Torres must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of Torres's rights as to be the moving force that caused the ultimate injury.

Case No. 5-cv-13-01475-PSG
FINAL JURY INSTRUCTIONS

## 4.  PARTICULAR RIGHTS—FOURTH AMENDMENT—
UNREASONABLE SEIZURE OF PERSON—GENERALLY

As previously explained, Torres has the burden to prove that the acts of Parker deprived Torres of particular rights under the United States Constitution.  In this case, Torres alleges Parker deprived him of his rights under the Fourth Amendment to the Constitution when Torres was arrested by Parker.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person.  In order to prove Parker deprived Torres of this Fourth Amendment right, Torres must prove the following additional elements by a preponderance of the evidence:

    1.    Parker seized Torres's person;

    2.    in seizing Torres's person, Parker acted intentionally; and

    3.    the seizure was unreasonable.

A defendant "seizes" the plaintiff's person when he restrains the plaintiff's liberty by physical force or a show of authority.  A person's liberty is restrained when, under all of the circumstances, a reasonable person would not have felt free to ignore the presence of law enforcement officers and to go about his business.

In determining whether a reasonable person in Torres's position would have felt free to leave, consider all of the circumstances, including

    1.    the number of officers present;

    2.    whether weapons were displayed;

    3.    whether the encounter occurred in a public or nonpublic setting;

    4.    whether the officer's manner would imply that compliance would be compelled; and

    5.    whether the officers advised Torres that he was free to leave.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct.  Torres thus must prove Parker meant to engage in the acts that caused a seizure of the plaintiff's person.  Although Torres does not need to prove Parker intended to violate Torres's Fourth Amendment rights, it is not enough if Torres only proves Parker acted negligently, accidentally or inadvertently in conducting the seizure.

## 5.  PARTICULAR RIGHTS—FOURTH AMENDMENT
## UNREASONABLE SEIZURE OF PERSON—EXCESSIVE (NONDEADLY) FORCE

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or in defending others.  Thus, in order to prove an unreasonable seizure in this case, Torres must prove by a preponderance of the evidence that the officer used excessive force when he attempted to prevent plaintiff from interfering with the apprehension and arrest of Robert Ramirez while plaintiff was intoxicated.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances.  In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether Parker used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

1.  the severity of the crime or other circumstances to which the officers were responding;

2.  whether Torres posed an immediate threat to the safety of the officers or to others;

3.  whether Torres was actively resisting arrest or attempting to evade arrest by flight;

4.  the amount of time and any changing circumstances during which Parker had to determine the type and amount of force that appeared to be necessary;

5.  the type and amount of force used; and

6.  the availability of alternative methods to take the plaintiff into custody or to subdue Torres.

Evidence of the prosecutor's dismissal of criminal charges against Torres related to this incident must not be considered for the purpose of determining whether or not reasonable force was used during Torres's arrest or whether or not Parker had probable cause to arrest Torres.  Criminal charges involve a different burden of proof and the handling of criminal charges should not affect your analysis of the evidence in this case based on the instructions you will be given by this court.

Case No. 5-cv-13-01475-PSG
FINAL JURY INSTRUCTIONS

**United States District Court**
For the Northern District of California

1

### 6. PARTICULAR RIGHTS—FOURTH AMENDMENT—
### UNREASONABLE SEIZURE OF PERSON—PROBABLE CAUSE ARREST

2

3

In general, a seizure of a person by arrest without a warrant is reasonable if the arresting officer had probable cause to believe the plaintiff has committed or was committing a crime.

4

In order to prove the seizure in this case was unreasonable, Torres must prove by a preponderance of the evidence that he was arrested without probable cause.

5

6

"Probable cause" exists when, under all of the circumstances known to the officer at the time, an objectively reasonable police officer would conclude there is a fair probability that Torres has committed or was committing a crime.

7

8

Under state law, it is a crime to be intoxicated in a public place. A person commits the crime of being intoxicated in a public place when he is found in any public place under the influence of alcohol, in such a condition that he is unable to exercise care for his own safety or the safety of others.

9

10

The term "public place" means any place which is open to common or general use, participation and enjoyment by members of the public.

11

12

Under state law, it is also a crime to resist, delay, or obstruct a peace officer in the discharge of his duties. However, if a peace officer uses unreasonable force against a person in making an arrest, that person is entitled to respond with reasonable force to protect himself and does not commit the crime of resisting arrest by doing so.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

Case No. 5-cv-13-01475-PSG
FINAL JURY INSTRUCTIONS

**United States District Court**
For the Northern District of California

# 7. BANE ACT—ESSENTIAL FACTUAL ELEMENTS

Torres claims that Parker intentionally interfered with his civil rights by threats, intimidation, or coercion. To establish this claim, Torres must prove all of the following by a preponderance of the evidence:

    1.     Parker interfered with Torres's right under the United States and/or California constitutions to be free from excessive force or his right to be free from false arrest;

    2.     Parker used threats, intimidation or coercion to accomplish that interference;

    3.     that Torres was harmed; and

    4.     that Parker's conduct was a substantial factor in causing Torres's harm.

Case No. 5-cv-13-01475-PSG
FINAL JURY INSTRUCTIONS

**United States District Court**
For the Northern District of California

# 8. BATTERY BY PEACE OFFICER

Torres claims that Parker harmed him by using unreasonable force to arrest him.

To establish this claim, Torres must prove all of the following by a preponderance of the evidence:

1.  that Parker intentionally touched Torres;

2.  that Parker used unreasonable force to arrest or overcome the resistance of Torres;

3.  that Torres did not consent to the use of that force;

4.  that Torres was harmed; and

5.  that Parker's use of unreasonable force was a substantial factor in causing Torres's harm.

A police officer may use reasonable force to arrest or detain a person when he or she has reasonable cause to believe that that person has committed a crime. Even if the police officer is mistaken, a person being arrested or detained has a duty not to use force to resist the police officer unless the police officer is using unreasonable force.

In deciding whether Parker used unreasonable force, you must determine the amount of force that would have appeared reasonable to a police officer in Parker's position under the same or similar circumstances. You should consider, among other factors, the following:

1.  the seriousness of the crime at issue;

2.  whether Torres reasonably appeared to pose an immediate threat to the safety of Parker or others; and

3.  whether Torres was actively resisting arrest or attempting to evade arrest.

A police officer who makes or attempts to make an arrest is not required to retreat or cease from his or her efforts because of the resistance or threatened resistance of the person being arrested.

Case No. 5-cv-13-01475-PSG
FINAL JURY INSTRUCTIONS

**9.  FALSE ARREST/FALSE IMPRISONMENT WITHOUT WARRANT BY PEACE OFFICER—ESSENTIAL FACTUAL ELEMENTS**

Torres claims that he was wrongfully arrested by Parker.  To establish this claim, Torres must prove all of the following by a preponderance of the evidence:

      1.    that Parker arrested Torres without a warrant;

      2.    that Torres was harmed; and

      3.    that Parker's conduct was a substantial factor in causing Torres's harm.

Case No. 5-cv-13-01475-PSG
FINAL JURY INSTRUCTIONS

1

**10.  FALSE ARREST/FALSE IMPRISONMENT WITHOUT WARRANT—
AFFIRMATIVE DEFENSE—PEACE OFFICER—PROBABLE CAUSE TO ARREST**

2

3

Defendants claim the arrest was not wrongful because Parker had the authority to arrest Torres
without a warrant.  If Defendants prove by a preponderance of the evidence that Torres was
intoxicated in a public place or resisted lawful arrest, then Parker had the authority to arrest Torres
without a warrant.

4

5

6

7

8

9

10

**United States District Court**
For the Northern District of California

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 5-cv-13-01475-PSG
FINAL JURY INSTRUCTIONS

**11.  NEGLIGENCE—ESSENTIAL FACTUAL ELEMENTS**

Torres claims that he was harmed by Parker's negligence.  To establish this claim, Torres must prove all of the following by a preponderance of the evidence:

1.  that Parker was negligent;

2.  that Torres was harmed; and

3.  that Parker's negligence was a substantial factor in causing Torres's harm.

## 12.  BASIC STANDARD OF CARE

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or by failing to act. A person is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in Torres and Parker's situation.

Case No. 5-cv-13-01475-PSG
FINAL JURY INSTRUCTIONS

### 13.  COMPARATIVE FAULT OF PLAINTIFF

Defendants claim that Torres's own negligence contributed to his harm.  To succeed on this claim, Defendants must prove both of the following by a preponderance of the evidence:

      1.      that Torres was negligent; and

      2.      that Torres's negligence was a substantial factor in causing his harm.

If Parker proves the above, Torres's damages are reduced by your determination of the percentage of Torres's responsibility.  I will calculate the actual reduction.

**14.  CAUSING HARM:  SUBSTANTIAL FACTOR**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

Case No. 5-cv-13-01475-PSG
FINAL JURY INSTRUCTIONS

## 15.  DAMAGES ON MULTIPLE LEGAL THEORIES

Torres seeks damages from Defendants under more than one legal theory.  However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.  You will be asked to decide whether Defendants are liable to Torres under the following legal theories:

1.   Violation of the Fourth Amendment—Unreasonable Seizure Without Probably Cause

2.   Violation of the Fourth Amendment—Excessive Force

3.   Interference with Plaintiff's Civil Rights (Bane Act)

4.   Battery

5.   False Arrest/ False Imprisonment

6.   Negligence

Past, noneconomic loss, including physical pain and mental suffering, are recoverable only once under all of the above legal theories.

16

### 16.  DAMAGES –PROOF

It is the duty of the court to instruct you about the measure of damages.  By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered.

If you find for Torres, you must determine Torres's damages.  Torres has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate Torres for any injury you find was caused by Defendants.  You should consider the following:

      1.     the nature and extent of the injuries;

      2.     the mental, physical, and/or emotional pain and suffering experienced; and

      3.     the reasonable value of necessary medical care, treatment, and services received to the present time.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Case No. 5-cv-13-01475-PSG
FINAL JURY INSTRUCTIONS

## 17.  DAMAGES –MITIGATION

Torres has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

Defendants have the burden of proving by a preponderance of the evidence:

     1.    that Torres failed to use reasonable efforts to mitigate damages; and

     2.    the amount by which the damages would have been mitigated.

Case No. 5-cv-13-01475-PSG
FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

## 18.  MEASURES OF TYPES OF DAMAGES

In determining the measure of damages, you should consider:

1. the nature and extent of the injuries;

2. the disfigurement and loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future;

3. the mental, physical, emotional pain and suffering experienced and which with reasonable probability will be experienced in the future; and

4. the reasonable value of necessary medical care, treatment, and services received to the present time.

Case No. 5-cv-13-01475-PSG
FINAL JURY INSTRUCTIONS

## 19. BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Case No. 5-cv-13-01475-PSG
FINAL JURY INSTRUCTIONS

## 20.  EXPERT OPINION

Some witnesses, because of education or experience, were permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reason given for the opinion, and all the other evidence in the case.

Case No. 5-cv-13-01475-PSG
FINAL JURY INSTRUCTIONS

1

## 21.  NOMINAL DAMAGES

2

3

The law which applies to this case authorizes an award of nominal damages.  If you find for Torres but you find that Torres has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 5-cv-13-01475-PSG
FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

## 22.  DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.  Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.  It is important that you attempt to reach a unanimous verdict but, of course, only each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Case No. 5-cv-13-01475-PSG
FINAL JURY INSTRUCTIONS

## 23.  COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

Case No. 5-cv-13-01475-PSG
FINAL JURY INSTRUCTIONS

**24.  RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Case No. 5-cv-13-01475-PSG
FINAL JURY INSTRUCTIONS

1    **IT IS SO ORDERED.**

2    Dated: September 4, 2014

3                                                        _____
                                                         PAUL S. GREWAL
4                                                        United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

Case No. 5-cv-13-01475-PSG
FINAL JURY INSTRUCTIONS